UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC., et al.,

                        Plaintiffs,

-v-

LINDA LIN HUANG a/k/a LIN JUAN HUANG a/k/a LIN WEI HUANG a/k/a LEE a/k/a LIN LEE, et al.,

                        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 4 2013

12 Civ. 4443 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On June 28, 2012, Plaintiffs Richemont North America, Inc. ("Richemont NA"), Cartier International A.G., and Cartier, a division of Richemont NA (collectively, "Plaintiffs") filed this action against Defendants Linda Lin Huang a/k/a Lin Juan Huang a/k/a Lin Wei Huang a/k/a Lee a/k/a Lin Lee ("Lee"), Xiao Kang Lu a/k/a George Lu ("George Lu"), Richard Lu, Katherine Chan Lo a/k/a Catherine Lo a/k/a Chan Lo ("Chan Lo"), Shun Da Enterprises d/b/a New York China Town Souvenirs Gift Center, John and Jane Does A-Z (unidentified), and XYZ Companies 1-10 (unidentified), alleging that Defendants manufacture, market, and sell counterfeit versions of Plaintiffs' products in violation of federal and state law. (See Compl.[1] ¶ 2.)

At this time, Defendant Chan Lo is the only remaining Defendant in this action. Plaintiffs now move for summary judgment against Defendant Chan Lo on

---

[1] Citations to "Compl." refer to the Complaint, filed on June 28, 2012.

1

all claims contained in their Complaint.[2]  For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Summary Judgment.

## FACTUAL BACKGROUND

The following facts are undisputed, except where otherwise noted.[3]  Cartier International A.G. "is the owner of all right, title, and interest in and to the common law trademarks and federally registered trademarks . . . associated with the Cartier brand." (Pls.' Rule 56.1 Stmt.[4] ¶ 1.)  Plaintiff Cartier, a division of Richemont NA, is the exclusive distributor of Cartier branded products in the United States. (Id. ¶ 3.)

---

[2] Plaintiffs' Complaint contains the following causes of action:  (1) Trademark and Trade Dress Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(a)(1); (2) Trademark and Trade Dress Counterfeiting under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), 1117(b)-(c); (3) False Designation of Origin Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) Trademark Dilution under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c); (5) Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (6) Trademark and Trade Dress Infringement and Counterfeiting under New York Law; (7) Trademark and Trade Dress Dilution under New York Law; (8) Unfair Competition under New York Law; and (9) Deceptive Acts and Practices under New York Statutory Law. (See Compl. ¶¶ 54-88.)

[3] While Defendant Chan Lo denies certain factual allegations contained herein, she denies the allegations only insofar as she allegedly "has no basis to confirm or deny [the] statement[s] based on her personal knowledge" because Defendant Chan Lo contends that she was not at 49 Mott Street on the day in question and has no basis for knowing of activities of the other Defendants. (See generally Defendant[] Katherine Chan Lo's Rule 56.1 Statement of Material Facts Not in Dispute and Response to Plaintiff[s'] Statement of Material Facts Not in Dispute ("Def.'s R. 56.1 Stmt.").)

[4] Citations to "Pls.' Rule 56.1 Stmt." refer to Plaintiffs' Local Rule 56.1 Statement of Material Facts, filed on February 13, 2013.

2

The Cartier brand is a well-known international luxury brand. (Id. ¶¶ 6-7, 12-14.) Cartier watches are sold bearing, inter alia, two Cartier trademarks associated with Registration Nos. 411,975 and 759,201. (Id. ¶ 9.) Plaintiffs have "expended substantial time, money[,] and resources in developing, advertising[,] and promoting" their trademarked products. (Id. ¶ 10.)

In June of 2009, Plaintiffs hired a private investigator, Thomas Yeepun ("Yeepun"), to investigate the counterfeiting of Plaintiffs' goods in the Canal Street area of New York City. (Id. ¶¶ 16, 17.) After several months of research, Yeepun discovered that Defendants Lee, George Lu, Richard Lu, and N.Y. China Town Souvenir Gift Center, located at 49 Mott Street, New York, New York, 10013 ("49 Mott Street"), were selling counterfeit Cartier watches. (Id. ¶¶ 18, 19.) Plaintiffs allege that from June 2009 through February 2012, Yeepun spoke with and visited Defendant Lee on a regular basis at 49 Mott Street; he also allegedly purchased numerous counterfeit Cartier watches during that time. (Id. ¶¶ 19-21.)

In November 2011, Yeepun introduced Lee to James Perrone ("Perrone"), another private investigator retained by Plaintiffs, who then became the primary point of contact with Lee. (Id. ¶¶ 22, 23.)

On March 19, 2012, Yeepun and Perrone made a pre-arranged visit to Lee at 49 Mott Street to execute a purchase of 100 counterfeit Cartier watches. (Id. ¶ 33.) Perrone and Yeepun inspected the watches Lee had available for purchase. (Id. ¶¶ 34-35.) Perrone told Lee he wanted additional styles of watches. (Id. ¶ 36.) Lee made a phone call and indicated that she would have more styles available that

3

night or in the morning. (Id.) Perrone then left 49 Mott Street, while Yeepun remained in the store. (Id. ¶¶ 37-38.)

While Perrone was out, an individual identified by Plaintiffs as Defendant Chan Lo arrived at the 49 Mott Street with between seven and 10 watches (the "Chan Lo watches").[5] (Id. ¶ 38.) When Perrone returned to the store, Lee allegedly offered him the Chan Lo watches. (Id. ¶ 39.) Perrone inspected the Chan Lo watches and determined that they bore the Cartier trademark and were counterfeits. (Id. ¶ 40.) Perrone purchased 68 watches for $6,800. (Id. ¶ 42.)

Sophie Ortolano, an expert at detecting counterfeit versions of Plaintiffs' watches, examined 51 of the watches purchased by Perrone and determined that they were, in fact, counterfeits of Cartier watches. (Id. ¶ 42.)

## PROCEDURAL HISTORY

The following explains the procedural history insofar as it implicates Defendant Chan Lo.

On June 6, 2012, Plaintiffs filed a Complaint, as well as an application for a Temporary Restraining Order, an Order Restraining Assets, an Order for Expedited Discovery, an Order for a Civil Search and Seizure, an Order Sealing the File, and an Order to Show Cause for Preliminary Injunction (the "TRO"). (Id. ¶¶ 48-49.) On June 13, 2012, the Court granted the TRO.[6] (Id. ¶ 50.)

---

[5] Defendant Chan Lo disputes the allegation that she entered 49 Mott Street. (See Pl.'s Opp'n at 2.)
[6] The TRO was amended on June 25, 2012. (See Pls.' R. 56.1 Stmt. ¶ 50.)

4

On July 16, 2012, Defendant Chan Lo filed papers in opposition to Plaintiffs' proposed preliminary injunction, arguing that she had been incorrectly identified as a Defendant in this action. (See Defs.' Opp'n[7] at 5.) On August 1, 2012, the Court held an evidentiary hearing on the issue of Defendant Chan Lo's identity. At the close of that hearing, the Court made a ruling that "Ms. Katherine Chan Lo is in fact the individual that is named properly in this Complaint and against whom a preliminary injunction has been issued." (See 8/1/12 Tr.[8] at 132.)

On September 27, 2012, Plaintiffs requested that Default be entered against Defendant Chan Lo. On September 29, 2012, Defendant Chan Lo filed an Answer. On October 1, 2012, Plaintiffs filed a Motion of Default Judgment as against Defendant Chan Lo (even though the Clerk of Court had not yet entered the Certificate of Default). On November 5, 2012, Defendant Chan Lo filed papers in opposition to the Motion for Default Judgment, and on November 9, 2012, the Court denied Plaintiffs' Motion for Default Judgment as against Defendant Chan Lo.

On February 13, 2013, Plaintiffs filed a Motion for Summary Judgment against Defendant Chan Lo on all nine of its claims, seeking an award of maximum statutory damages, attorneys' fees, a permanent injunction, and such other relief as the Court may deem proper. On March 18, 2013, the matter became fully briefed.

---

[7] Citations to "Defs.' Opp'n" refer to the Brief in Opposition of Plaintiffs' Proposed Preliminary Injunction and Order Against Defendant Katherine Chan Lo, filed on July 16, 2012.
[8] Citations to "8/1/12 Tr." refer to the transcript of the oral argument held before the undersigned on August 1, 2012.

5

## LEGAL FRAMEWORK

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R Civ. P. 56(c). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). The court is not to act as a trier of fact or to weigh the evidence. Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings. Fed. R. Civ. P. 56(e); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," and "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 539 F.3d 159, 166 (2d Cir. 2010) (citations omitted).

An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, spurious, irrelevant, gossamer inferences, conjectural,

6

speculative, nor merely suspicions." Contemporary Missions, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n.14 (2d Cir. 1981) (citation omitted); see also Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."). To put it another way, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505 (1986) (emphasis added by Jeffreys)); see also Scott v. Harris, 550 U.S. 1769, 1776, 127 S. Ct. 1769 (2007) (explaining that at the summary judgment phase, there must be a "genuine" dispute as to the facts in order to defeat an otherwise proper motion for summary judgment).

## DISCUSSION

### I.   Defendant Chan Lo's Identity

In any given litigation, there are (at least) three times when an issue relating to a defendant's identity may arise. First, a question may arise concerning whether an individual has been properly named, in good faith, as a defendant (i.e., whether the defendant was properly named). Second, a question may arise concerning whether the person served and haled into court to defend him or herself is the properly-named defendant (i.e., whether the properly-named defendant was

7

correctly identified). Third, a question may arise concerning whether a properly-named defendant, who has been correctly haled into court on that basis, is the person who actually engaged in the alleged wrongdoing (i.e., whether the defendant "did it").

Throughout the course of this litigation, Defendant Chan Lo has rooted her defense in the contention that Plaintiffs wrongly identified her as a Defendant in the action. (See, e.g., Chan Lo Ltr.[9] at 1; Def.'s Opp'n Prelim. Inj.[10] at 3; 7/24/12 Tr.[11] at 4; Def.'s Opp'n[12] at 1.) Specifically, Defendant Chan Lo contends that Plaintiffs have haled into Court the wrong "Chan Lo" in prosecuting this action. (See id.) In response to Plaintiffs' Motion for Summary Judgment, Defendant Chan Lo asserts that there is a material issue of fact as to her identity, and as a result, the Court must deny Plaintiffs' Motion for Summary Judgment. (See id.)

Plaintiffs respond by arguing that the issue of Defendant Chan Lo's identity has already been determined by this Court, that there are no questions of fact remaining, and that they have adequately alleged the elements of each cause of

---

[9] Citations to "Chan Lo Ltr." refer to the letter filed with the Court by Defendant Chan Lo on July 6, 2012.
[10] Citations to "Def.'s Opp'n Prelim. Inj." refer to Brief in Opposition of Plaintiffs' Proposed Preliminary Injunction and Order Against Defendant Katherine Chan Lo, filed on July 16, 2012.
[11] Citations to "7/24/12 Tr." refer to the transcript taken at the July 24, 2012 hearing that occurred before the undersigned.
[12] Citations to "Def.'s Opp'n" refer to Defendant Katherine Chan Lo's Response to Plaintiffs' Motion for Summary Judgment, filed on March 11, 2013.

action asserted. (See Pls.' Mem.[13] at 5-8.) Accordingly, Plaintiffs argue that their Motion for Summary Judgment as to Defendant Chan Lo should be granted in full.

II. Analysis

Despite Defendant Chan Lo's contentions, there is no issue of fact concerning whether Plaintiffs intended on haling her – as opposed to some other individual with an identical or similar name – into Court. This issue has been settled since August 1, 2012, when the undersigned held an evidentiary hearing and determined well beyond a preponderance of the evidence that Defendant Chan Lo was the individual that based upon their investigation and research, Plaintiffs intended on haling into Court. To the extent that Defendant Chan Lo seeks to re-raise this issue at the summary judgment stage, the matter has already been fully litigated and no second bite at the apple will be allowed.

Yet, whether Defendant Chan Lo engaged in the alleged misconduct is an analytically distinct inquiry from whether she is the individual Plaintiffs intended on haling into Court. While the Court determined at the August 1, 2012 hearing that Defendant Chan Lo has been properly identified by Plaintiffs as the person they intended to sue, the Court has made no factual findings regarding whether Defendant Chan Lo actually engaged in the alleged misconduct. Insofar as her actual liability is concerned, Defendant Chan Lo raises a material issue of fact because she submits evidence in support of her opposition to Plaintiffs' Motion for

---

[13] Citations to "Pls.' Mem." refer to the Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment against Defendant Katherine Chan Lo, filed on February 13, 2013.

Summary Judgment that key evidence linking her to the counterfeiting scheme at issue, the phone number that led Plaintiffs to identify Defendant Chan Lo, actually belongs to someone else. (See Def.'s Opp'n, Ex. B.) She also submits evidence that the owner of that phone number may have at least some connection to the other Defendants in this action. (See id., Ex. C.) While this in and of itself may not be enough to disprove Plaintiffs' contentions and their supporting evidence (indeed, Defendant Chan Lo's odd behavior at the identification hearing and her suspect alibi make the Court dubious of Defendant Chan Lo's assertions), it is sufficient to create a material issue of fact that precludes summary judgment at this stage.

III.   Remaining Issues

The question of whether Defendant Chan Lo engaged in the alleged misconduct is the only factual issue yet to be determined in this case.[14] While it is a necessary element of each cause of action asserted by Plaintiff,[15] and therefore

---

[14] The Court does not engage in an element-by-element analysis of Plaintiffs' claims at this time. This analysis can await a later date.

[15] All causes of action brought by Plaintiffs against Defendant Chan Lo require, either explicitly or implicitly, a factual finding that she engaged in at least some portion of the alleged misconduct. Specifically, Count I is for Trademark Infringement under 15 U.S.C. 1114(1)(a), which holds liable in a civil action any person who, without the consent of the registrant, uses "in commerce" any counterfeit of a registered mark likely to cause "confusion, mistake, or to deceive." Count II is for Trademark Counterfeiting under 15 U.S.C. 1114(1)(b), which requires that (1) without the consent of the trademark registrant, the infringer (2) reproduces, counterfeits, copies, or imitates, a registered trademark, (3) intended for use in commerce, (4) which is likely to cause confusion, mistake, or deceive. TechnoMarine S.A. v. Giftports, Inc., No. 11 Civ. 9643, 2012 WL 3964734, at *5 (S.D.N.Y. Sept. 10, 2012). Count VI is for trademark infringement under state law, which has essentially the same standards as those of the Lanham Act. See Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 220 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2002). Count III is for unfair competition under Section 43(a) of

precludes summary judgment as to the causes of action asserted by Plaintiffs, Defendant Chan Lo has failed to raise a triable issue (nor has she tried to) as to any other element of any claim.[16] To the extent that Defendant Chan Lo may try to

---

the Lanham Act, and requires an identical test to that for infringement. See American Footwear Corp. v. General Footwear Co., 609 F.2d 655, 664 (2d Cir.1979) (quoting Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 413 (1916)); New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir.1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical."). Count V is for false designation of origin claim, which requires "(1) that the mark or dress is distinctive as to the source of the good or service at issue, and (2) that there is the likelihood of confusion between the plaintiff's good or service and that of the defendant." ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 154 (2d Cir.2007); accord Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114–16 (2d Cir.2006); see 15 U.S.C. § 1125(a)(1)(A). Count VIII is for unfair competition under New York law, which closely parallels the elements of unfair competition under the Lanham Act, except that a plaintiff must show "either actual confusion or a likelihood of confusion, and there must be 'some showing of bad faith' on the part of the defendants." Medisim Ltd. v. BestMed LLC, 910 F. Supp. 2d 591, 606 (S.D.N.Y. 2012). Counts IV and VIII are for federal and state trademark dilution respectively, which require that a plaintiff establish: "(i) its mark is famous; (ii) the defendant is making commercial use of the mark in commerce; (iii) the defendant's use began after the mark became famous; and (iv) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 118 (2d Cir. 2006); see also Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No. 06 Civ. 243, 2010 WL 571804, at *17 (S.D.N.Y. Feb. 16, 2010). Last, Count IX is for deceptive acts and practices claim under New York General Business Law Section 349, which makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." A plaintiff must prove three elements: (1) that the challenged act or practice was consumer-oriented; (2) that it was misleading in a material way; and (3) that plaintiff suffered injury as a result of the deceptive act. Medisim Ltd. v. BestMed LLC, 910 F. Supp. 2d 591, 608 (S.D.N.Y. 2012) (noting that although the law is consumer-oriented, a competitor may bring a cause of action under those statutes if "'the gravamen of the complaint [is] consumer injury or harm to the public interest'" and if "the matter affects the public interest in New York").

[16] To the extent that Defendant Chan Lo raises other purported material issues of fact, these allegations are cursory and wholly unfounded. (See Def.'s Opp'n at 14.) Rather, Defendant Chan Lo does not challenge any of Plaintiffs' factual or legal assertions except for the assertion that "she" engaged in the counterfeiting activity.

11

raise at a later date arguments that go beyond whether she actually engaged in the alleged misconduct, such arguments will not be allowed.

Following the determination of Defendant Chan Lo's involvement in the alleged counterfeiting activities, the only remaining issue will be the damages, if any, that are owed. The Court will address the issue of damages only if necessary, following the determination of Defendant Chan Lo's liability in this action.

## CONCLUSION

The Court hereby DENIES Plaintiffs' Motion for Summary Judgment because Defendant Chan Lo has raised a single material issue of fact in this case: whether she engaged in the alleged counterfeiting activities. The Court hereby ORDERS the parties to submit letters, no longer than five pages in length, explaining their positions on the issue of whether a bench or a jury trial is necessary to decide this issue. <u>These letters are due within **one week** of the date of this Opinion & Order.</u>

After considering the parties' submissions, the Court will notify the parties whether the issue of Defendant Chan Lo's liability will be decided by a jury or a bench trial. At that time, the Court will also set down a date for the one-day trial to decide the issue.

Defendant Chan Lo is reminded that failure to appear for trial may result in the imposition of sanctions. Defendant Chan Lo is further reminded that she may

not use the hearing as an opportunity re-litigate the issue of her identity insofar as it was already determined by the Court at the August 1, 2012 evidentiary hearing.

The Clerk of Court is directed to close the motion at Docket No. 124.

SO ORDERED.

Dated:   New York, New York
         September 24, 2013

                                          _____
                                          KATHERINE B. FORREST
                                          United States District Judge